IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3017-FL

| | |
|---|---|
| SEBASTIAN X. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THEODIS BECK, et al., ) | |
| ) | |
| Defendants. ) | |

Sebastian X. Moore ("plaintiff") filed this action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the motion for judgment on the pleadings (DE #62) pursuant to Federal Rule of Civil Procedure Rule 12(c) filed by defendant Alvin W. Keller, Jr. ("Keller"),[1] to which plaintiff has filed a response (DE #64). Also before the court is plaintiff's motion concerning case management (DE #72) and his motion to rule on the pending motions (DE #74). These matters are ripe for adjudication.

## STATEMENT OF THE CASE

On February 1, 2008, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Keller as well as the North Carolina Department of Correction ("NCDOC"). Plaintiff thereafter filed two amended complaints and an affidavit. On April 1, 2008, this court conducted a frivolity review of plaintiff's pleadings and found that his pleadings were difficult to follow and violated Rule 8 of the

---

[1] Keller is substituted for defendant Theodis Beck, who no longer is the Secretary of Correction. Keller is substituted for Theodis Beck pursuant to Federal Rule of Civil Procedure 25(d), which provides: "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . ."

Federal Rules of Civil Procedure. Accordingly, the court provided plaintiff twenty (20) days to amend his complaint. Plaintiff was instructed that the amended complaint would be considered the complaint in its entirety.

On April 21, 2008, plaintiff submitted an amended complaint in response to this court's April 1, 2008 order. Plaintiff thereafter filed an affidavit in support of his amended complaint, a motion to appoint counsel, a second response to this court's April 1, 2008 order, and a motion for recusal. In his amended pleadings, plaintiff alleges that Keller denied him access to courts because he failed to settle the record in his appeal from the North Carolina Industrial Commission's dismissal of his tort action. Plaintiff also alleges that Keller denied him access to courts because he failed to provide an adequate law library or access to North Carolina Prisoner Legal Services ("NCPLS") for plaintiff to challenge his criminal conviction. Plaintiff's amended pleadings again named Keller as well as the NCDOC as parties to this action. On October 23, 2008, this court conducted a frivolity review of plaintiff's amended pleadings. The court allowed plaintiff's amended claims to proceed against Keller, but dismissed the NCDOC as a defendant to this action. The court also denied plaintiff's motion for recusal and motion to appoint counsel.

On December 5, 2008, plaintiff filed a motion for entry of default. On February 5, 2009, Keller filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. Plaintiff filed a response on February 20, 2009. Keller filed a motion for protective order on March 5, 2009. Plaintiff thereafter filed a motion to compel discovery and a second motion to appoint counsel. On September 22, 2009, the court entered an order granting in part and denying in part Keller's motion to dismiss. The court granted Keller's motion to dismiss with respect to his claim involving lack of access to courts for his challenge to his state criminal conviction. The court

2

denied Keller's motion with respect to plaintiff's remaining claim. The court further granted plaintiff's motion to appoint counsel, and appointed NCPLS to assist plaintiff in litigating his remaining claim. The court also allowed plaintiff twenty (20) days to file an amended complaint. Finally, the court denied plaintiff's motion to compel and motion for entry of default, as well as Keller's motion for a protective order.

On September 24, 2009, plaintiff filed a pro se motion to establish a trial date and pretrial conference. On October 1, 2009, plaintiff filed a pro se amended complaint. On October 8, 2009, NCPLS filed a response to this court's appointment of it to represent plaintiff in this matter. NCPLS informed the court that its representation of plaintiff may create a conflict of interest. On October 16, 2009, Keller filed a motion for an extension of time to file an answer to plaintiff's amended complaint. On October 29, 2009, these motions were referred to United States Magistrate Judge William A. Webb.

On October 30, 2009, the magistrate judge issued an order in which he construed plaintiff's October 1, 2009 amended complaint as a motion to amend his complaint. The magistrate judge granted in part and denied in part plaintiff's motion to amend. The magistrate judge denied plaintiff's attempt to renew or amend his claim involving lack of access to court for his challenge to his state criminal conviction, but allowed plaintiff's motion to amend in all other respects. The magistrate judge instructed NCPLS to formally file a motion to withdraw. Finally, the magistrate judge denied as moot plaintiff's motion for a trial date, but granted Keller's motion for an extension of time to file an answer.

On November 2, 2009, plaintiff filed an amended complaint. On November 13, 2009, NCPLS filed a motion to withdraw as attorney for NCPLS. The magistrate judge granted NCPLS' motion on November 20, 2009.

On November 30, 2009, plaintiff filed an amended complaint and response to the court's order concerning counsel. On December 11, 2009, Keller filed a second motion for extension of time to file an answer. On December 14, 2009, the court entered an order relieving Keller of his burden to file an answer until such time as the court issued an order on what documents submitted by plaintiff shall constitute an amended complaint.

On January 25, 2010, the court referred all pretrial matters in this case to United States Magistrate Judge Webb. On January 28, 2010, the magistrate judge determined that plaintiff's October 1, 2009 filing at docket entry 43 constitutes plaintiff's amended complaint. In an abundance of caution, the magistrate judge allowed plaintiff the opportunity to file one final amended complaint by February 8, 2010. Plaintiff did not file a final amended complaint, and on February 22, 2010, the magistrate judge issued a case management order in which he declared the filing at docket entry 43 to be the final amended complaint.

On March 10, 2010, Keller filed a motion for judgment on the pleadings pursuant to Rule 12(c), arguing that plaintiff's claim is barred by the statute of limitations. Alternatively, Keller argues that plaintiff is unable to demonstrate an injury for his lack of access to courts claim and that he failed to exhaust his administrative remedies prior to filing this action. Plaintiff filed a response and an affidavit on March 25, 2010.

On April 28, 2010, plaintiff filed a memorandum in support of denying Keller's qualified immunity affirmative defense. On August 6, 2010, plaintiff filed a motion captioned: "Plaintiff's

motion concerning case management order." On October 28, 2010, plaintiff filed a motion requesting that the court rule upon the issues pending before the court.

## DISCUSSION

I.  Motion to File a Supplemental Response

Plaintiff on October 28, 2010, filed a motion stating that he would like the court to rule on the issues currently pending before the court. The court construes plaintiff's motion as a motion to file a supplemental response to Keller's motion for judgment on the pleadings. For good cause shown, the motion is GRANTED.

II. Motion for Judgment on the Pleadings

A.  Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed but within such time as not to delay the trial." Fed.R.Civ.P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual

5

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

B. Analysis

Keller argues that plaintiff's claims against him should be dismissed because he failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (hereinafter "PLRA") requires a prisoner to properly exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006) (requiring "proper" exhaustion of administrative remedies); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The evidence in the record reflects that plaintiff submitted three grievances before filing this action. Copies of plaintiff's grievances are attached to Keller's answer. (Answer Exs. D, E, and F.) The only grievance that discusses the issue of denial of access to courts was filed on October 8, 2007. (Id. at Ex. D.) In that grievance, plaintiff complains that he was denied access to courts

6

because prison officials placed a hold on his prisoner account and refused to provide him free postage. The language in plaintiff's grievance is not sufficient to put Keller on notice of his claim that Keller interfered with his access to courts because Keller failed to provide legal assistance consisting of a law library or advice of a person trained in law. See Jones, 549 U.S. at 219 (stating that one of the main purposes of a prison grievance system is to allow administrators a fair opportunity to address the problem that will later form the basis of a suit); Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (applying Jones to require notice of discrete conduct). Thus, plaintiff's October 8, 2007 grievance does not serve to exhaust the administrative remedies for this action.

In response to Keller's motion for judgment on the pleadings, plaintiff alleges that he has exhausted all of his state court remedies. (Supplemental Resp. (DE # 74) p. 28.) However, it is the exhaustion of his NCDOC administrative remedies that is at issue in this action. See 42 U.S.C. § 1997e(a). Plaintiff has not exhausted his NCDOC administrative remedies. As a result, plaintiff has not exhausted his access to courts claim, arising out of the failure to provide legal assistance in the form of a law library or advice of a person trained in law.

## CONCLUSION

For the foregoing reasons, the court GRANTS Keller's motion for judgment on the pleadings (DE # 62). The court also GRANTS plaintiff's motion to rule on the pending motions (DE # 74), which this court construed as a motion to file a supplemental response. Accordingly, plaintiff's motion concerning his case management order (DE # 72) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

7

SO ORDERED, this the 9ᵗʰ day of December, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

8